UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>L. SMALLEY, et al.,<br><br>    Defendants. | 1:17-cv-00110-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF NO. 15)** |

On January 24, 2017, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 3.) The Court denied Plaintiff's motion, finding that no exceptional circumstances existed to warrant the appointment of counsel. (ECF No. 7.) On May 1, 2017, Plaintiff filed a second motion seeking the appointment of counsel. (ECF No. 15.) That motion is now before the Court.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and a court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In

certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, volunteer counsel will be appointed only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist," a court "must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

As the Court stated in its previous order denying Plaintiff's motion for appointment of counsel, the Court does not find the required exceptional circumstances in the present case. The Court finds that there has been no change in circumstances since the Court's previous ruling. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's second motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   May 5, 2017            /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE