UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. SMALLEY, et al.,<br><br>　　　　Defendant. | CASE NO. 1:17-cv-00110-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 9)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

　　　　On February 13, 2017, the Court dismissed Plaintiff's complaint for failure to state a claim but gave him thirty days to amend. (ECF No. 9.) Plaintiff twice requested, and twice was given, extensions of time to file an amended complaint. The Court's May 5, 2017, extension of time was noted to be the last that would be given; Plaintiff was advised he would have until June 5, 2017, to file an amended complaint, and that no further extensions would be granted absent a showing of good cause. (ECF No. 16.) That final deadline passed without Plaintiff filing either an amended pleading or notice of voluntary dismissal.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and, "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissing for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissing for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissing for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissing for lack of prosecution and failure to comply with local rules).

Based on the foregoing, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall either:
    a. File an amended complaint or notice of voluntary dismissal, or
    b. Show cause as to why this action should not be dismissed with prejudice for failure to state a claim, failure to prosecute, and failure to comply with the Court's order (ECF No. 9); and
2. If Plaintiff fails to comply with this Order, the undersigned will recommend that the action be dismissed with prejudice.

IT IS SO ORDERED.

Dated: June 20, 2017        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

2

3