UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>L. SMALLEY, et al.,<br><br>    Defendants. | CASE No. 1:17-cv-00110-MJS (PC)<br><br>**ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE**<br><br>**(ECF Nos. 9, 18)**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 13.) No other parties have appeared in the action.

On February 13, 2017, the Court dismissed Plaintiff's complaint (ECF No. 1) for failure to state a claim, but granted him thirty days to amend (ECF No. 9). Plaintiff then twice requested, and twice was given, extensions of time to file an amended complaint. However, the Court's May 5, 2017, extension was noted to be the last Plaintiff would be given "**absent a showing of good cause based on presently unforeseeable circumstances.**" (ECF No. 16.) (emphasis in original). The thirty day deadline provided

there passed without Plaintiff filing an amended pleading or otherwise responding to the Court.

Accordingly, on June 20, 2017, the Court ordered Plaintiff to show cause why his case should not be dismissed, with prejudice. (ECF No. 18.) The Court gave Plaintiff fourteen days within which to respond to the order to show cause. Plaintiff failed to do so, but on July 10, 2017, did move for an extension of time to respond to the Court's order to show cause. (ECF No. 19.) The Court denied that request on July 26, 2017, stating:

> Despite being warned that any request for more time would have to be based on then-unforeseen circumstances, Plaintiff's July 10 motion presents the same reasons previously given. He does, however, add a claim that he needs more time because he has sustained "serious injuries" and his property has been "misplaced." Plaintiff fails to specify the nature of the property misplaced, how it was misplaced, when it was misplaced, how long it was misplaced, or how its misplacement affected his ability to respond. Similarly, he does not describe the injury, when it occurred, or how and for how long it affected his ability to respond to the Court's order. Considering the Court's earlier extensions of time and its warning that a further extension request would have to be based upon a showing of good cause, Plaintiff's bare assertion of "serious injury" and misplaced property cannot justify granting yet another extension of time. Plaintiff has had five months to amend his pleading and he appears to have disregarded the import of the warnings given. There is no good cause for further extension of time to respond to the order to show cause or to amend the complaint.

(ECF No. 20.)

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and, "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with

2

prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissing for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissing for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissing for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissing for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. With respect to the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use. Finally, the order to show cause warned Plaintiff that his failure to comply may result in dismissal, with prejudice. (ECF No. 18.) Thus, Plaintiff was on notice that

his failure to communicate with the Court could result in dismissal of his complaint.

Based on the foregoing, it is HEREBY ORDERED THAT:

1. The action is DISMISSED, with prejudice, for failure to state a claim, failure to comply with the Court's orders (ECF Nos. 9, 18), and failure to prosecute; and

2. The Clerk of Court is directed to terminate all pending motions and close the case.

IT IS SO ORDERED.

Dated: August 2, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE